**Donald COWGER, Plaintiff,**

v.

**Donald ROHRBACH, Defendant.**

**No. CV89–2805–R.**

United States District Court,
C.D. California.

April 19, 1990.

Dennis F. Moss, Sherman Oaks, Cal., for plaintiff.

Helena S. Wise, Burbank, Cal., for defendant.

OPINION

REAL, Chief Judge.

The action was filed by DONALD COWGER (COWGER) against DONALD ROHRBACH (ROHRBACH) pursuant to 29 U.S.C. Section 501 alleging that ROHRBACH violated his fiduciary duty to Local 80 of the International Alliance of Theatrical Stage Employees and Moving Picture Operators (Local 80) by reason of unauthorized expenditures of Local 80 funds and use of Local 80 credit cards, receiving unauthorized, unworked weekend pay, incurring unnecessary travel expenses, and incurring unauthorized costs in connection with an International Convention in Hollywood, Florida in 1986.

The issue for decision at this stage of the litigation is the survivability of a cause of action under 29 U.S.C. Section 501 upon the death of the defendant. Before this case could come to trial ROHRBACH died on February 9, 1990.

ROHRBACH was, during the time of all these alleged misdeeds, the Business Representative of Local 80. As such his activities brought his conduct as Business Representative within the strictures of 29 U.S.C. Section 501.

29 U.S.C. Section 501 provides in pertinent part:

Section 501. Fiduciary responsibility of officers of labor organizations

(a) Duties of officers; exculpatory provisions and resolutions void

The officers ... of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, ... to hold its money and property solely for the benefit of the

organization and its members and to manage, invest, and expend the same in accordance with its constitution and by-laws and any resolutions of the governing bodies adopted thereunder....

The purpose of enactment of Section 501 as part of The Labor–Management Reporting and Disclosure Act of 1959 (LMRDA) was expressed in the House Report No. 741[1] to support the principle "... that union officers and agents occupy positions of trust in relationships to labor organizations and their members." Such an obligation is a very personal one for which a fiduciary is personally responsible. The beneficiary of this relationship is not any individual member of a labor organization but rather the labor organization itself.[2]

The survival of an action under the labor laws of the United States is a question of federal law. *Mallick v. International Brotherhood of Electrical Workers*, 814 F.2d 674, 676 (D.C.Cir.1987).

*Mallick* (supra) was decided in favor of survivability in a situation where a plaintiff suing under Section 201 of the LMDRA died before the case had come to trial. To come to the conclusion of survivability under Section 201[3] the Court in *Mallick* (supra) permitted substitution as plaintiffs other union members to carry out the congressional goal of deterring official abuse by officers. As the Court put it:

"... The congressional goal of deterring official abuse will be frustrated if unions can avoid disclosing information through protracted recalcitrance made possible, in part, by the abatement of Section 201

lawsuits upon the death of an individual plaintiff."
*Id.* at 677.

Here unlike *Mallick* it is the defendant who has died. No Section 501(b) purpose can be accomplished by visiting upon the survivors of ROHRBACH the responsibilities attendant to the breach of the fiduciary duty imposed on the officers of a labor organization.

Plaintiff cites California Probate Code Section 573(a) as authority for the survival of his cause of action. Since Section 501(b) makes no provision for the survival of the action upon the death of a defendant the survival of plaintiff's cause of action is consonant with common law and is not controlled by state statutes. At common law the general principle of survival of actions is that they do not survive the death of a party defendant.

Statutory law and interpretative case law has in some instances changed the common law survivability principle as it applies to the death of a party defendant. The United States Supreme Court in *Cox v. Roth*, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260 (1955) considered the survivability of a cause of action under the Jones Act, 46 U.S.C.App. Section 688. Plaintiff had been injured aboard defendants vessel. The owners of the vessel sued by plaintiff died before trial. Because the Jones Act, although not specifically providing for survivability of a cause of action, derived its procedural vitality from the Federal Employers Liability Act (FELA), 45 U.S.C. Sections 51–60, as interpreted by the courts giving it a survivability application,[4] the

---

1. *H.R. No.* 741, 86th Cong., 1st Sess., *reprinted in* 1959 *U.S.Code Cong. & Ad. News* 2318, 2424, 2479.

2. 29 U.S.C. Section 501(b).

3. 29 U.S.C. Section 431(c), the codification of Section 201 of the LMRDA, provides for the right of a union member to examine the books, records and accounts to verify the reports required by the LMRDA to be filed by the union.

4. In *Cox*, 348 U.S. at 208–09, 75 S.Ct. at 243–44, the Supreme Court observed that while the FELA does not include a specific survivability provision, it does provide that the claim of an injured employee may be brought against "the

receiver or receivers or other persons or corporations charged with the duty of the management and operation of the business of a common carrier." 45 U.S.C. Section 57. The Court noted that, in the context of railroad cases, a specific survivability provision is unnecessary because "railroads are rarely, if ever, owned by individuals ..." 348 U.S. at 208–09, 75 S.Ct. at 243. In discussing the congressional purpose of Section 57 of the FELA, the Court stated that "Congress fully provided for the corporate analogues of death when it provided that suit might continue against the receiver or successor corporation of the railroad." *Id.*

Supreme Court held that "those contingencies against which Congress has provided to ensure recovery to railroad employees should also be met in the admiralty setting." 348 U.S. at 209, 75 S.Ct. at 244. Such is not the case here.

This case presents a matter of first impression. Does a cause of action under Section 501 survive the death of the only defendant before trial when defendant is charged with a breach of fiduciary duty? The goals which underlie the LMRDA and the practicalities of a trial necessarily involving uniquely individual actions lead me to the conclusion that justice is best served by abatement of this cause of action. There appear to be no countervailing equities to this disposition of this controversy.

The action is dismissed.